## 53803. PRICE v. WINN et al.
## 53804. EQUITY NATIONAL INDUSTRIES, INC. et al. v. PRICE.

BELL, Chief Judge.

In his complaint, plaintiff Price alleged that he entered into agreements with the defendants for the sale and issue of 100,000 shares of "registered stock" of defendant Equity and 50,000 shares of "unregistered" Equity stock with the additional promise to register the latter shares within 13 months of the date of sale. The complaint further alleged that: Based on the above agreement, plaintiff obligated himself to sell the 100,000 shares of registered stock; that thereafter the defendants issued to plaintiff 50,000 shares of unregistered stock but only 85,000 shares of registered stock, 15,000 shares short of the agreed amount; that because of defendants' failure the plaintiff was compelled to purchase an additional 15,000 shares and other shares at a cost to him of $55,000 in excess of the price he agreed to pay defendants; that thereafter defendants agreed that they would honor their obligation and deliver the 15,000 shares at the agreed purchase price but until such time as they could deliver the shortage they would pledge 15,000 shares of unregistered stock of Equity as collateral for a loan, in the amount of $55,000, to be made to Price by a Florida bank as compensation for the additional expense incurred because of defendants' original failure to deliver; that the parties further agreed on delivery of the additional 15,000 shares of registered stock by defendants at the agreed purchase price and the plaintiff would pay the balance due on the loan, and the balance of the original purchase price would be paid to defendants; thereafter the plaintiff executed a promissory note, in the amount of $55,000, to the Florida bank and the defendant Winn delivered 15,000 shares of unregistered stock of Equity to the bank as collateral for the loan; that later defendant Winn purchased the note, obtained possession of stock pledged as collateral and sued the plaintiff on the note in a Florida court and obtained judgment for the principal, plus interest and attorney fees. The complaint further alleged that defendants have continued to fail and refuse to

deliver the 15,000 shares of registered stock and have failed to register the 50,000 shares of unregistered stock. Defendants, in their answers, pleaded as a defense the Florida judgment as a bar to recovery on the doctrines of res judicata and judgment by estoppel. The defendants moved for summary judgment on the above defensive theories and on the additional ground that plaintiff was barred from asserting that part of his claim for the failure to register the 50,000 shares of stock by operation of the Florida compulsory counterclaim rule of civil procedure. The trial court granted Winn's motion for summary judgment but denied Equity's and Childs'. Price appeals and Equity and Childs cross appeal. The record of the Florida case was stipulated into evidence for the trial court's consideration of the motion for summary judgment.

The Florida case shows that Winn, as assignee, brought suit on a promissory note against Price, as maker, in the amount of $55,000. Price's answer in the Florida case reflects that he pleaded as an affirmative defense to the note the breach of the agreement to provide the 100,000 shares of registered stock of Equity and the subsequent agreement to post 15,000 shares of unregistered stock as collateral for the $55,000 loan from the payee Florida bank; and Price also pleaded as a counterclaim to Winn's suit on the note, the breach of agreement to register the 50,000 shares of unregistered stock. The case was tried by the Florida court. At the commencement of the Florida trial, Price voluntarily dismissed the above counterclaim "without prejudice." The Florida court, after hearing the evidence, entered a judgment for Winn for the principal amount of the note plus interest, costs, and attorney fees. *Held:*

1. *The main appeal.* The doctrine of res judicata relates only to the same cause of action between the same parties and their privies. Code § 110-501; *Spence v. Erwin,* 200 Ga. 672 (38 SE2d 394). Estoppel by judgment differs from res judicata in that it applies to prior litigation between the same parties on a different cause of action as to matters which were actually decided in the former suit. *Spence v. Erwin,* supra. Under neither doctrine will the Florida judgment bar plaintiff's claim in this suit for

recovery on the alleged breach of agreement to deliver 100,000 shares of registered stock. The Florida case was for recovery on a promissory note. Thus there is a different claim involved. The Florida judgment only decided that plaintiff Price was liable on the note and that the circumstances and attendant facts surrounding its issuance was not an affirmative defense to Price's liability on the note. The Florida litigation and the present case are completely different claims and the former did not decide whether Winn or any of his co-defendants breached a contract for the sale and delivery of 100,000 shares of registered stock. See *Brown v. Brown,* 212 Ga. 202 (91 SE2d 495); *Tootle v. Player,* 225 Ga. 431, 432 (169 SE2d 340); and *Venable v. Gresham,* 105 Ga. App. 720 (125 SE2d 507).

2. In the Florida litigation, plaintiff Price asserted a counterclaim for the breach of the agreement to register the 50,000 shares of unregistered stock but he dismissed it voluntarily without prejudice. The subject matter of the dismissed counterclaim is the basis of part of plaintiff Price's claim in this case. The defendant Winn argues that this counterclaim was a compulsory one under the Florida rule of practice and the failure of Price to assert it in the Florida action will operate to bar recovery on this aspect of the claim in this suit. The Florida rule, Rule 1.170 (a) of Florida Rules of Civil Procedure, requires a defendant to assert as a counterclaim any claim which he has against the plaintiff which arose out of the transaction or occurrence that is the subject matter of the plaintiff's claim and does not require for its adjudication the presence of parties of whom the court cannot acquire jurisdiction. Assuming but not deciding that this counterclaim was a compulsory one, the failure to assert it to judgment will not operate to bar plaintiff in this case. Plaintiff did assert it but dismissed it voluntarily without prejudice. The Florida voluntary dismissal rule of practice, which applies to "any" counterclaim provides: "Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim."

Rule 1.420 (a) and (c), Florida Rules of Civil Procedure. There was no showing that Price had ever previously dismissed this claim. Accordingly, the voluntary dismissal of the counterclaim will not bar plaintiff here.

It was error to grant summary judgment to defendant Winn.

3. *The Cross Appeal.* The defendants, Equity and Childs cross appeal from the denials of their motions for summary judgment. There is no certificate of immediate review nor application for review granted by this court as required by Code Ann. §§ 6-701 (a) 2 (A) and 81A-156. The cross appeal is not properly before this court and must be dismissed. *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753).

*Judgment reversed in Case No. 53803. Cross appeal dismissed in Case No. 53804. McMurray and Smith, JJ., concur.*

ARGUED APRIL 5, 1977 — DECIDED JUNE 24, 1977 — REHEARING DENIED JULY 13, 1977, IN CASE NO. 53803.

*Spearman & Thrasher, William Lewis Spearman, Joan U. Perkins,* for Price.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., Joel Y. Moss,* for Winn et al. and Equity National Industries, Inc. et al.