60560. METROPOLITAN LIFE INSURANCE COMPANY v. GARNER et al.

SOGNIER, Judge.

Appellees, Gordon and Linda Garner, sued real estate broker Harry Norman seeking to recover $500 earnest money paid under a real estate contract they had entered into with appellant Metropolitan Life Insurance Company for the purchase of certain real estate. Appellees also sought actual and punitive damages, plus attorney fees. Defendant Norman answered, paid the $500 into court, and interpleaded Metropolitan as a claimant. Pursuant to court order Metropolitan answered the original complaint of the Garners, denied indebtedness and counterclaimed against the Garners for attorney fees and other damages.

Norman was dismissed as a defendant by agreement of all parties. Metropolitan amended its answer to include the defense of res judicata. An earlier suit had been filed by the Garners against Metropolitan seeking the return of the same $500 and also punitive and actual damages of $75,000. That suit was resolved in favor of Metropolitan and this court affirmed the judgment. *Garner v. Metropolitan Life Ins. Co.,* 152 Ga. App. 242 (262 SE2d 544) (1979).

Immediately prior to trial and upon stipulation of the parties, the judge agreed to treat the matter as one on motion for summary

judgment by both parties. After argument, including Metropolitan's contention that the matter was res judicata, the trial court granted summary judgment for the Garners and against Metropolitan in the amount of $500, and denied Metropolitan's counterclaim.

Metropolitan appeals, contending that the trial court erred by granting summary judgment in favor of the Garners and by not granting Metropolitan's motion for summary judgment on the basis of their defense of res judicata. We agree.

The suit sub judice became identical to the prior case in parties and issues upon the dismissal of Norman as a defendant.

The Garners claim the issue of indefiniteness of the contract was not raised in their first suit against Metropolitan, and in addition that the earlier suit was decided correctly on the basis that Metropolitan did not have possession of the $500.

We find these contentions without merit. The first suit sought recovery of the $500. The trial court in that suit found the Garners were not entitled to recover the $500 from Metropolitan. The issue of indefiniteness was not raised specifically in the first suit. However, a prior suit between the same parties involving the same subject matter is conclusive as to *all* issues raised or *that could have been raised* in the earlier suit. Code Ann. § 110-501; *Lowe v. Am. Machine &c. Co.,* 132 Ga. App. 572 (208 SE2d 585) (1974); *Prince v. Prince,* 147 Ga. App. 686 (250 SE2d 21) (1978).

Metropolitan's counterclaim in the case sub judice is identical to their counterclaim filed in the original suit. Having dismissed their original counterclaim prior to judgment in the first suit, Metropolitan relinquished their right to further litigate the claim. Said counterclaim was compulsory, having arisen out of the same transaction as the original suit. Hence, Metropolitan's dismissal of the counterclaim precluded it from asserting it in the second suit, because the judgment of the trial court in the original suit was conclusive as to *all* matters in issue, or which might have been in issue between these parties. Code Ann. § 81A-113 (a); *P & J Truck Lines, Inc. v. Canal Ins. Co.,* 148 Ga. App. 3 (251 SE2d 72) (1978). Metropolitan had every right to eliminate its counterclaim in the original suit; however, once it was eliminated it ceased to exist as a basis of any further claim Metropolitan may have against the Garners. *Neill v. Harris,* 133 Ga. 493, 496 (66 SE 246) (1909).

We affirm the trial court's denial of appellant's counterclaim and reverse the grant of summary judgment in favor of appellees and the denial of summary judgment to appellant in the amount of the $500 paid into the court.

*Judgment affirmed in part and reversed in part. Deen, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED NOVEMBER 13, 1980.

*J. Allen Maines, W. Lyman Dillon, John G. Parker,* for appellant.
*Michael J. Reily,* for appellees.