71264. CALE v. JONES.
(338 SE2d 68)

BIRDSONG, Presiding Judge.

Statute of Limitations — Renewal Statute — Grant of New Trial. The facts of this convoluted case reflect that Cale sued his wife in Forsyth County for divorce in 1978. Cale was represented by Jones in that action. Apparently Cale was dissatisfied with the results of the divorce case and the reasonableness of the attorney fees claimed by Jones came into dispute. In October 1978, Jones served a bill for legal representation upon Cale for $5,571.01. Cale declined to pay that amount. On November 9, 1978, Jones sued Cale in Fulton County for the unpaid legal fee. Being unable to find Cale in Fulton County (apparently Cale no longer resides in Fulton County), Jones dismissed his suit for attorney fees without prejudice. On September 19, 1981,

Cale filed a malpractice suit against Jones in DeKalb County. Jones answered that complaint and filed a counterclaim seeking the unpaid attorney fees. Summary judgment was awarded Jones as to Cale's malpractice suit and that grant of summary judgment was affirmed by this court. *Cale v. Jones*, 162 Ga. App. 257 (290 SE2d 154). The grant of summary judgment as to the malpractice suit left pending the counterclaim for attorney fees. Because of a witness problem, Jones dismissed that suit without prejudice in March 1983. Within six months, on June 24, 1983, Jones refiled the counterclaim (as an original complaint) in Coweta County. After a jury returned a verdict for Cale on June 7, 1984, Jones unsuccessfully moved for a judgment n.o.v. but successfully for a new trial. On retrial, a jury returned a verdict for Jones in the amount of $6,393. It is this final result that forms the basis for this appeal by Cale. Cale enumerates eight asserted errors which however may be reduced to four. *Held*:

1. The first two enumerations of error deal with the failure to dismiss the action filed by Jones as being barred by the statute of limitations. In its simplest terms, Cale's argument is that the bill for services was filed in October 1978, and the present suit was not filed until June 24, 1983, almost five years later. The parties do not dispute that the applicable statute of limitations is four years. Thus unless Jones' reliance upon OCGA § 9-2-61 is well placed, Cale's argument must prevail.

OCGA § 9-2-61 provides in substance that a plaintiff may renew a timely filed suit which would otherwise be barred by the statute of limitations at the time of renewal if he dismisses the case not more than once and renews it within six months of the dismissal. In such a situation the refiling stands on the same footing as the case originally filed.

An analysis of the filings utilized by Jones shows he filed a case for attorney fees in Fulton County in November 1978. That case was dismissed without prejudice in December 1978. It is clear from the record in the instant case that the Fulton County filing of November 1978, has remained dormant since its dismissal and is not involved in this litigation. The next filing by Jones for attorney fees was in the form of a counterclaim to a suit filed by Cale in September 1981. Conceding a four-year statute of limitations, it is manifest that the counterclaim for attorney fees filed in 1981 was well within the four-year period permitted by the statute of limitations. When Cale's malpractice suit was terminated by grant of summary judgment, the only suit remaining in DeKalb County between these two parties was the claim for attorney fees filed by Jones in October 1983. There is no dispute this counterclaim was not barred by the statute of limitations.

When Jones dismissed this counterclaim (for the first and only time) in March 1983 from the DeKalb County court, the statute of

limitations had already run except as it might have been tolled by the renewal statute. As indicated hereinabove, Jones renewed his claim for attorney fees in Coweta County in June 1983, a period of only three months after the dismissal. After filing this renewed complaint, Jones expressly established in the record that the suit was a renewal and continuation of the counterclaim filed in DeKalb County in October 1981.

Cale seeks to avoid the consequences of the renewal statute by arguing that it does not apply to the renewal of a counterclaim but only as to a renewal of an original lawsuit.

We are unable to agree with this reasoning. The renewal statute gives the right of renewal to a "plaintiff" who renews as provided by the statute. Even in a counterclaim, the counterclaimant is the "plaintiff" saddled with the burden of establishing his right of recovery by a preponderance of the evidence. Though he may be a "defendant" in the case-in-chief, he is the plaintiff in his own right as the counterclaimant. See *Standridge v. Standridge*, 224 Ga. 102, 103 (2) (160 SE2d 377). We find no error in the trial court's conclusion that the renewal of the counterclaim within a six-month period alleviated the impediment of the statute of limitations. We find no merit in the first two enumerations of error.

2. Cale argues in his third enumeration of error the trial court improperly granted a new trial based upon a finding that the verdict was decidedly against the weight of the evidence. Such an enumeration has no merit. We note in the first instance that in the grant of a new trial, the trial court sits, in effect, as a thirteenth juror. Moreover, the grant of the new trial is vested largely in the discretion of the court. Thus, as a thirteenth fact finder and acting within its discretion, the trial court's first grant of new trial is given great weight. *Ricketts v. Williams*, 242 Ga. 303 (248 SE2d 673). This court will not disturb the first grant of a new trial except where it is manifest that the court acted on an erroneous principle of law or grossly abused its discretion by reversing the only possible or plausible verdict. There has been no showing in this record that only one verdict was possible. Cale has only argued that the evidence was in dispute and some evidence supported the initial verdict in his favor. Such arguments do not support an allegation of error in the first grant of new trial. *Smith v. Telecable of Columbus*, 140 Ga. App. 755, 757 (232 SE2d 100).

3. In his fourth enumeration of error, Cale argues that the court erred in granting a partial motion in limine. Cale wished to introduce the facts and results of the original divorce trial to show how Jones had failed to earn his fee. However, the court observed and concluded that the present litigation was the reasonableness of the attorney fee based upon matters other than the professional competence exercised by Jones. The trial court properly reasoned that the issue of malprac-

tice had already been decided by a court of competent jursidiction and that issue was final as between these parties. However, the court did allow evidence of whether Jones represented Cale as contracted and the value of those services to Cale. The court thus would not allow evidence of the result of the divorce action as evidence that tends to point to the degree of professionalism exercised. See *Landers v. Ga. Baptist Medical Ctr.*, 175 Ga. App. 500, 501 (333 SE2d 884); *Hyles v. Cockrill*, 169 Ga. App. 132, 133 (3) (312 SE2d 124). In order to illuminate the alleged reasons for the result in the divorce action, Cale perforce would have to present evidence of alleged malpractice. Inasmuch as the issue of competency of Jones' representation was res judicata between the parties, the court did not err in granting Jones' motion in limine to the extent of precluding the result of the divorce trial. See *Delta Air Lines v. Woods*, 137 Ga. App. 693, 695 (224 SE2d 763).

4. The last four of Cale's enumerations of error deal with the giving of charges requested by Jones. In general these charges dealt with the standard of care owed by an attorney to his client, consequences of a breach of that standard of care and guidelines for imposing penalties upon an offending attorney. Cale argues that while each of these charges may be relevant in legal malpractice cases, they had no relevance in a suit upon a contract for the recovery of attorney fees. While that argument might have merit in a dispute limited solely to evidence of a stated account, the trial court in this case allowed Cale to introduce evidence of alleged incompetence to dispute the payment of any fee at all. Thus the charges each had relevance to the issues raised by Cale and were appropriate legal principles to aid the jury in reaching a verdict. The first three requests were taken from *Hughes v. Malone*, 146 Ga. App. 341 (247 SE2d 107) and stated correct principles of law. The fourth request dealing with the independent judgment that must be exercised by an attorney in the development and presentation of a case in representation of a client was clearly placed in issue. A charge is not abstract or inapplicable where there is any evidence, however slight, on which to predicate it. *Camp v. Phillips*, 42 Ga. 289. It is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. *East Side Auto Parts v. Wilson*, 146 Ga. App. 753 (2) (247 SE2d 571). There was no error in the giving of the charges of which complaint is made.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 18, 1985.

*Jon W. McClure,* for appellant.

*William S. Goodman, Richard G. Farnsworth*, for appellee.