75299. LAWSON et al. v. SOUTHERN RAILWAY COMPANY.
(366 SE2d 801)

SOGNIER, Judge.

Ray Lawson and Mattie Lawson instituted a wrongful death action against Southern Railway Company after their thirteen and-a-half-year-old son was struck and killed by a Southern Railway train. The jury returned a verdict in favor of the railroad and the Lawsons appeal.

Construing the evidence to support the verdict, see generally *Concrete Constr. Co. v. City of Atlanta*, 176 Ga. App. 873, 874 (2) (339 SE2d 266) (1985), the transcript reveals that appellants' decedent accompanied Jeffrey Hewlett and Gary Newton to appellee's trestle spanning the Toccoa gorge. Despite having been instructed by his parents never to go on the trestle, the decedent accompanied Hewlett to a point at least 30 feet and possibly as much as 200 feet onto the trestle. Upon being warned by Newton that a train was approaching, both the decedent and Hewlett ran back in the direction of the train "trying to beat it to the end of the trestle." After hearing

160

Newton's shouted warning that the train was travelling on the same track on which they were running, Hewlett stepped to safety on the adjacent track and hollered to the decedent to do the same. (The decedent, who was younger and swifter than Hewlett, had so outdistanced his companion that Hewlett was not able to catch the boy in time to pull him to safety.) Appellee's train struck the decedent in mid-air some three to five feet from the end of the trestle as the boy was attempting to leap to safety. Both the train engineer and the train conductor testified that due to the angle of the track and the brightness of the sunlight, they had barely discerned the decedent's presence on the trestle before the accident occurred and that they did not realize immediately that the decedent was not an adult.

1. In their first two enumerations of error, appellants assert error in the trial court's charge on the duty of care owed to trespassers by a railroad. Appellants cite this court to a line of cases in which the duty attached to the railroad is that of ordinary care to avoid injuring a trespasser where the general presence of trespassers habitually crossing at a particular spot is known to the railroad and has continued without the disapproval of the railroad. See *Western & Atlantic R. Co. v. Michael*, 175 Ga. 1 (6) (165 SE 37) (1932); *Seaboard Coast Line R. Co. v. Clark*, 122 Ga. App. 237, 243 (13) (176 SE2d 596) (1970). While appellants contend in their second enumeration that the trial court's failure to give their requested charge reflecting this line of cases constituted reversible error, we do not have the requested charge in the record before us because appellants, in their notice of appeal, specifically omitted all matters in the record except the trial transcript, which does not contain a transcript of the charge conference or contain in any definite form the charge in question. Thus, we cannot address appellants' contention that failure to give this charge was error. See *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986). The charge given by the trial court reflects that line of cases in which the only duty owing to a trespasser by a railroad is not to wantonly or wilfully injure him after his presence has been discovered, where the general presence of trespassers was not known or anticipated. See *Ashworth v. Southern Railway Co.*, 116 Ga. 635, 639 (43 SE 36) (1902); *Southern Railway Co. v. Perkins*, 66 Ga. App. 66, 72 (2) (17 SE2d 95) (1941). Since evidence was adduced at trial that neither appellee nor its employees had ever observed or had reason to anticipate the presence of a trespasser on the trestle, there was some evidence to support giving this charge. See *Dept. of Transportation v. 19.646 Acres of Land*, 178 Ga. App. 287, 288 (2) (342 SE2d 760) (1986). Although appellants argue there was also evidence indicating appellee should have known or anticipated the presence of trespassers in the area before the beginning of the trestle, this evidence, while arguably providing support for the charge requested by appellants,

did not serve to render erroneous the instruction given by the trial court based on other evidence. See *Cale v. Jones,* 176 Ga. App. 865, 868 (4) (338 SE2d 68) (1985).

2. Appellants contend the trial court erred by charging the jury that an engineer, upon seeing a person apparently of full age and capacity upon the railroad track, has a right to assume that that person "will attempt to leave the tracks or otherwise exercise ordinary care for his own safety." The basis asserted at trial for appellants' argument that this charge was improper was the fact that decedent, being a thirteen and-a-half-year-old boy on a high trestle several hundred feet above ground, could not have extricated himself from his peril. Appellants cite *Air-Line Railway Co. v. Gravitt,* 93 Ga. 369, 408-409 (5) (20 SE 550) (1893), in which a man and plaintiff's son were killed on a trestle by a train. The court, after noting that persons in charge of a locomotive may presume that a human, seen upon a railroad track with no apparent infirmities, will leave the track for his own protection, stated that this presumption was not applicable under the facts therein since it was obviously out of the power of the victims to escape danger. However, the evidence in *Gravitt* indicates that it was not possible for the victims to "[go] off to one side." In the case sub judice, there was evidence that the decedent had only to heed the shouts of his two companions and step to the other track in order to extricate himself, as did Jeffrey Hewlett, from the peril posed by the on-coming train. There was also evidence that the persons in charge of appellee's train did not at first realize that appellants' decedent was a boy; further, there was evidence that the decedent was a bright and potentially exceptional boy, from which the jury could have determined that the decedent had the capacity to understand both the danger he was in and the avenue of escape available to him. Thus, since there was evidence from which the jury could have determined that by otherwise exercising ordinary care the decedent could have extricated himself from his peril, we do not agree with appellants that the trial court's charge was so inappropriate as to constitute reversible error. See generally *Cale,* supra.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1988 —
REHEARING DENIED MARCH 3, 1988 —

*William C. Lanham, Clark H. McGehee,* for appellants.
*John A. Dickerson, Burt DeRieux, Emory F. Robinson, Eileen M. Crowley,* for appellee.