A97A0893. ROBINSON v. STOKES.

(493 SE2d 5)

</div>

SMITH, Judge.

This appeal presents the question of whether a defendant who has voluntarily dismissed without prejudice a compulsory counterclaim may renew that counterclaim as an original action under OCGA § 9-2-61 after the plaintiff has voluntarily dismissed the main claim with prejudice and without objection by the defendant. The trial court ruled that res judicata bars the renewal of such a counterclaim and granted summary judgment to the former plaintiff, Stokes, on that ground. We agree, and we therefore affirm the judgment.

The record shows that Annette Stokes and Ola Mae Robinson were involved in a vehicular collision. Stokes filed suit against Robinson, and Robinson answered and counterclaimed. Immediately before the pretrial conference, Robinson voluntarily dismissed her counterclaim without prejudice. Robinson's insurer, without the participation of Robinson or her counsel, then settled Stokes's claim. Stokes executed a release that recited that it was entered into without the consent of Robinson, who would not be precluded from asserting claims against Stokes. After executing the release, Stokes dismissed her action against Robinson with prejudice.

Within six months of the voluntary dismissal of her counterclaim, Robinson filed this action as a renewal action pursuant to OCGA § 9-2-61. Stokes answered and moved to dismiss the action, then later moved for summary judgment. The trial court granted the motion for summary judgment, and this appeal ensued.

1. Robinson contends that res judicata does not bar her action. She argues that she had a statutory right to dismiss her counterclaim voluntarily under OCGA § 9-11-41 and a concomitant right to renew it within six months under OCGA § 9-2-61. Robinson is correct in these assertions. OCGA § 9-11-41 (a) provides for voluntary dismissal "without order or permission of court . . . at any time before the plaintiff rests his case." Subsection (c) of that statute makes it

applicable as well to counterclaims. OCGA § 9-2-61 (a) provides for the renewal of actions within the applicable limitation period or within six months after voluntary dismissal, whichever is later. This statute applies as well to counterclaims. *Cale v. Jones*, 176 Ga. App. 865, 866-867 (1) (338 SE2d 68) (1985).

But the fact that these statutes apply to counterclaims and that Robinson had the right to dismiss her counterclaim and renew it does not end our analysis. Other statutes and legal principles bear upon the success of Robinson's dismissed counterclaim and renewed action. OCGA § 9-11-41 (a) itself provides that it applies "[s]ubject to the provisions of . . . any statute." And a renewal action, being an action de novo, is subject to valid defenses. We acknowledge, therefore, Robinson's right to voluntarily dismiss her counterclaim and to renew it. But we also must examine any defenses raised by Stokes.

The bar imposed by the doctrine of res judicata, codified at OCGA § 9-12-40, is such a defense. OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." We concluded in *Price v. Winn*, 142 Ga. App. 790 (237 SE2d 409) (1977), relied upon by Robinson, that neither res judicata nor collateral estoppel barred renewal of the previously dismissed counterclaim. But in *Price* the two actions involved completely different claims, and identity of parties and cause of action were absent. Here, Robinson's claim against Stokes not only "might have been put in issue" in the action brought by Stokes; it was *required* to have been put in issue. Because it arose out of the same transaction that was the subject matter of Stokes's action against Robinson, it was a compulsory counterclaim. OCGA § 9-11-13 (a). Robinson was therefore required to raise it in that action.

We do not agree with Robinson's argument that simply raising her claim and then dismissing it permits her to avoid the effect of res judicata. Here, as in *Metropolitan Life Ins. Co. v. Garner*, 156 Ga. App. 446 (275 SE2d 96) (1980), because she dismissed her original counterclaim in the first suit, Robinson gave up the right to further litigate her claim. Her counterclaim was compulsory because it arose out of the same transaction as the original suit. Her dismissal of the counterclaim therefore precluded her from asserting it in the second suit because the judgment of the trial court in the original suit was conclusive as to *all* matters in issue, or which might have been in issue between these parties. Robinson had every right to dismiss her counterclaim in the original suit. Once she did so, however, the counterclaim ceased to exist as a basis of any further claim she may have had against Stokes. Id. at 447.

It is true that *Garner* is somewhat distinct factually from this case because the original suit was actually litigated; that action went to judgment. But that distinction is one without a difference, because a voluntary dismissal with prejudice operates as a judgment on the merits for purposes of res judicata. *Fowler v. Vineyard*, 261 Ga. 454, 456 (2) (405 SE2d 678) (1991).

We reject as well Robinson's argument that it is unfair to apply the doctrine of res judicata to her when it would not be applied to a plaintiff who dismisses her claim without prejudice. OCGA § 9-11-41 (a) provides that if a counterclaim has been pleaded prior to the motion to dismiss, the action will not be dismissed against the defendant's objection unless the counterclaim can stand independently. This rationale did not apply in *Cale v. Jones*, supra, relied upon by Robinson, because the facts there were different. In *Cale*, the counterclaim was dismissed *after* summary judgment was granted to the original plaintiff. It therefore survived voluntary dismissal. The original counterclaimant was permitted to renew it under OCGA § 9-2-61.

In this case, the remedy for any apparent unfairness resulting from the dismissal of Stokes's action was an objection by Robinson, which was not made.[1] Even had Robinson not voluntarily dismissed her counterclaim before Stokes's dismissal with prejudice, the entire action, including Robinson's counterclaim, would have been terminated when Robinson did not object to the dismissal. *D. P. S. Indus. v. Safeco Ins. Co.*, 210 Ga. App. 289, 290-291 (1) (435 SE2d 762) (1993). See also *Thomas v. Auto Owners Ins. Co.*, 221 Ga. App. 815, 816 (1) (472 SE2d 707) (1996). It follows that because Robinson had voluntarily dismissed her counterclaim and raised no objection to Stokes's dismissal of the action, her counterclaim is barred by OCGA § 9-12-40.

The trial court did not err in ruling that Robinson's claim against Stokes was barred by the doctrine of res judicata.

2. Robinson also asserts that Stokes was estopped by her execution of the release from asserting res judicata as a defense to the renewal action. We do not agree.

The release contained standard language prescribed by OCGA § 33-7-12. Determined under other applicable law, Robinson had no viable claim against Stokes. The release document could not create any new rights for Robinson or bestow any independent rights upon her. It merely informed Stokes that any valid claims Robinson had

---

[1] Although Robinson claims not to have been notified of Stokes's dismissal, she has not shown this fact by the record. "Factual assertions in appellate briefs which are not supported by evidence in the record cannot be considered in the appellate process. [Cits.]" *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 603 (1) (426 SE2d 177) (1992).

against her were not released. But Robinson's claim against Stokes was not valid; it was cut off by operation of the doctrine of res judicata upon Stokes's dismissal of her action. Had Robinson reinstated her counterclaim prior to that dismissal or objected to the dismissal, it is possible that her claim against Stokes could have survived. Because she did not, it is barred.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 10, 1997 —

Res judicata. Dougherty State Court. Before Judge Salter.
*Brown & Scoccimaro, Ralph O. Scoccimaro,* for appellant.
*Divine, Dorough & Sizemore, William D. Divine,* for appellee.