## A06A0282. LEE v. OWENBY & ASSOCIATES, INC. et al.
(631 SE2d 478)

RUFFIN, Chief Judge.

Yong S. Lee sued Owenby & Associates, Inc. and Richard F. Owenby, Sr., its sole shareholder (collectively, "Owenby") as part of an ongoing dispute over a business Lee purchased from Owenby. The trial court dismissed Lee's claims with prejudice, finding that they were barred by res judicata and judicial estoppel. For reasons that follow, we affirm.

Lee purchased a grocery business from Owenby in August 2000. He also subleased the business premises from Owenby. In January 2002, Owenby sought a writ of immediate possession to repossess the grocery store inventory and equipment (the "writ of possession" action) and also brought a dispossessory action for eviction against Lee (the "dispossessory" action). The Franklin County Superior Court issued a writ of immediate possession on January 7, 2002. Lee subsequently filed an answer and counterclaim to the writ of possession action, alleging fraud, breach of contract, and wrongful foreclosure. Lee also filed a pro se answer and counterclaim in the dispossessory action, again alleging breach of contract and fraud.

Lee filed for bankruptcy on April 19, 2002. Lee listed Owenby as a "notice only" creditor in his schedule of creditors, showing no sum due; he did not list his counterclaims against Owenby as potential assets. Lee was discharged from bankruptcy on September 11, 2002, but the case remained open in order for the trustee to find and liquidate assets of the estate.

In early 2003, Owenby apparently filed motions to dismiss Lee's answer and counterclaims in both the writ of possession and dispossessory actions, arguing that Lee was judicially estopped from pursuing his claims because he failed to list them as potential assets in the bankruptcy. Lee subsequently amended his bankruptcy schedule to add his counterclaim in the writ of possession action as a potential asset with a value of $200,000. He did not include his counterclaim in

the dispossessory action as a potential asset because — as he now admits — the two counterclaims were identical claims and he could not recover for both.

On March 4, 2003, the bankruptcy trustee entered a notice of appearance and notice of substitution of counsel on behalf of Lee in the writ of possession case, which was approved by the court. At a hearing on the motions to dismiss, the court added the bankruptcy trustee as a real party in interest in both cases. The bankruptcy trustee submitted dismissals without prejudice of Lee's counterclaims in both cases. Lee's counsel, who was present at the hearing, did not object to the dismissals. A final order in favor of Owenby in the dispossessory action was issued on June 5, 2003.

Lee's bankruptcy case was closed on February 5, 2004. He filed an emergency motion to reopen the bankruptcy case on March 31, 2004, objecting to the trustee's dismissal of the counterclaim in the writ of possession case. The motion was denied. In November 2004, Lee brought the present action against Owenby, which the trial court dismissed based on judicial estoppel and res judicata.

1. Lee admits that the claims he is pursuing in the present case are the same as his counterclaims in the writ of possession and dispossessory cases. The trial court found that res judicata thus barred Lee from bringing again claims that had already been brought and dismissed. Nonetheless, Lee contends that the trial court erred in dismissing his case because the bankruptcy trustee's dismissal of the counterclaims did not serve to dismiss Lee's interest.

We review de novo the grant of a motion to dismiss.[1] The doctrine of res judicata provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.[2]

The voluntary dismissal of a counterclaim thus prevents a party from asserting the same claim in a subsequent action, "because the judgment of the trial court in the original suit [is] conclusive as to *all* matters in issue, or which might have been in issue between [the] parties."[3] Lee argues, however, that the voluntary dismissal by the

---

[1] See *Seay v. Roberts*, 275 Ga. App. 295, 296 (620 SE2d 417) (2005).

[2] OCGA § 9-12-40.

[3] (Emphasis in original.) *Robinson v. Stokes*, 229 Ga. App. 25, 26 (1) (493 SE2d 5) (1997).

bankruptcy trustee "served to dismiss the interest of only the bankruptcy estate in those claims, not [his] interest," and that once the bankruptcy estate was closed, the "pre-bankruptcy causes of action raised in his counterclaim . . . reverted back to him." We disagree.

A debtor's pending legal action is the property of the bankruptcy estate, "and only the trustee in bankruptcy has standing to pursue it."[4] Lee had no separate right to the counterclaims at the time they were dismissed; the entire right to them belonged to the bankruptcy estate.[5] The trustee, on behalf of the bankruptcy estate, became the real party in interest for the counterclaims in the writ of possession and dispossessory cases and had the authority to dismiss them, which he did.[6] Both cases were concluded in favor of Owenby.

The only way for Lee to regain any right in the counterclaims would have been for the trustee to abandon such claims pursuant to Section 554 of the Bankruptcy Code.[7] But, pretermitting whether the trustee abandoned the counterclaims at the close of the bankruptcy case,[8] by the time the estate was closed, a final judgment had been entered in the underlying actions. Lee was bound by the act of the trustee, who was his privy, in dismissing the counterclaims.[9] Therefore, the trial court did not err in holding that Lee's present action is barred by res judicata, since he is asserting the same claims for breach of contract, fraud, and wrongful foreclosure as he asserted in the previous cases which have been brought to final judgment.[10]

2. Because of our decision in Division 1, we need not reach the question of whether Lee's claims are barred by judicial estoppel.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 17, 2006.

---

[4] *Parker v. Wendy's Intl.*, 365 F3d 1268, 1272 (II) (11th Cir. 2004); see *Thornton v. Mankovitch*, 277 Ga. App. 221, 222-223 (626 SE2d 189) (2006).

[5] See 11 USC § 541 (a) (1) (providing that bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"); *Cincinnati Ins. Co. v. MacLeod*, 259 Ga. App. 761, 763-764 (2) (577 SE2d 799) (2003).

[6] See *In re Lansberry*, 177 BR 49, 55-56 (Bankr. W.D. Pa. 1995).

[7] See 11 USC § 554 (c); *Parker*, supra.

[8] We note that the trustee could not have abandoned the counterclaims in the dispossessory action to Lee at the close of the bankruptcy case, as they were not listed in the bankruptcy schedule of assets. See *In re Phelps*, 329 BR 904, 906 (Bankr. M.D. Ga. 2005); *Kittle v. ConAgra Poultry Co.*, 247 Ga. App. 102, 106-107 (1) (b) (543 SE2d 411) (2000).

[9] See, e.g., *Christo v. Padgett*, 223 F3d 1324, 1337 (II) (C) (11th Cir. 2000) (debtor bound by actions of trustee in legal action).

[10] See *Robinson*, supra at 26-27.

*Hassett, Cohen, Goldstein, Port & Gottlieb, Lee S. Goldstein,* for appellant.

*Victor Y. Johnson,* for appellees.