[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13298

Non-Argument Calendar

_____

JAMES OHL,
as Natural Parent of Jacob Ohl,
JACOB OHL,
KATINA COOK,
as Natural Parent of Jacob Ohl,

                                        Plaintiffs-Appellants,

*versus*

CSX TRANSPORTATION, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01446-SCJ

_____

Before ROSENBAUM, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Jacob Ohl, James Ohl, and Katina Cook (Appellants) appeal the district court's grant of summary judgment to CSX Transportation, Inc. (CSX), in their lawsuit alleging CSX was negligent when a train it owned and operated struck and injured Jacob. Appellants contend the district court misapplied precedent and failed to construe the record evidence in their favor. After review, we affirm the district court.

## I.  BACKGROUND

On March 2, 2017, 17-year-old Jacob was in the Lilburn City Park in Lilburn, Georgia. While wandering around the park, he came upon a neighboring property he described as a "big concrete area that look[ed] abandoned." After walking around the concrete area for some time, Jacob decided to enter the adjacent railroad property and began walking east along the tracks.

Jacob had not been on the railroad property before and did not seek CSX's permission to enter. However, he knew the railroad tracks were active, and he acknowledged there was room for him to walk alongside the tracks. Nevertheless, he decided to walk on

the tracks wearing noise-cancelling earbuds and he was not looking for a train.

About an hour later, a 17.8 million-pound train going approximately 45 miles per hour, slightly under the speed limit for that area, approached Jacob from around a curve.  Jacob was in Conductor Clifton Martin's line of sight for 695 feet, or a little over ten seconds before impact.  Engineer Derrick Marshall, who was in the train cabin with Martin, testified that when the train came around the curve, he was looking at the locomotive screens to check speed and braking.  Martin testified that he saw something on the tracks, and notified Marshall, but Martin did not realize the object was a person.[1]  Marshall then looked and saw Jacob, and immediately sounded the horn for about two seconds before impact.  The train ran over and severed Jacob's legs.  Marshall applied the emergency brakes, and the train stopped after traveling another 3,175 feet.

## II.  DISCUSSION

In granting summary judgment, the district court first determined no reasonable jury could find CSX or its employees displayed willful or wanton misconduct towards Jacob, who was a trespasser when he was struck.  While this conclusion alone was

---

[1] There is a dispute whether Jacob was walking on the tracks or lying on the tracks.  For summary judgment purposes, we accept Jacob's version of the facts in which he testified he was walking on the tracks.  *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291-92 (11th Cir. 2012) (stating we construe all facts in favor of the non-moving party).

enough to grant summary judgment to CSX on the negligence claim, the district court also addressed the parties' other arguments. The court concluded (1) the last clear chance doctrine did not preclude summary judgment; (2) summary judgment was proper under the doctrine of avoidable consequences; (3) Jacob assumed the risk of walking on live railroad tracks; (4) and CSX was entitled to summary judgment under a theory of comparative negligence.

As to the issues of the last clear chance doctrine, avoidable consequences, assumption of risk, and comparative negligence, after conducting a *de novo* review, we conclude the district court did not err in its well-reasoned order. *See Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1219 (11th Cir. 2015) (reviewing a district court's grant of summary judgment *de novo*). Thus, we affirm the district court on those issues.

We write separately on the issue of willful and wanton misconduct. Appellants contend the district court applied the wrong legal standard—willful and wanton—to CSX's conduct. They assert that under established Georgia precedent and federally mandated operating rules, Marshall and Martin had a duty to anticipate pedestrians on or near the CSX right-of-way in the Atlanta metropolitan area, and had a duty of due care to prevent injuring them. Appellants contend the CSX operating rules compelled by federal law required Marshall and Martin to sound the horn immediately and continuously until Jacob cleared the tracks, and compelled them to always "take the safe course." Appellants further assert the

district court erred in construing record evidence in favor of CSX, and ignoring contrary evidence of CSX's negligence and causation.

Under Georgia law, "[a] lawful possessor of land owes no duty of care to a trespasser except to refrain from causing a willful or wanton injury." O.C.G.A. § 51-3-3. Appellants do not meaningfully dispute that Jacob was a trespasser. They argue instead that once the presence of a trespasser is known, the duty shifts to one of ordinary care, and that it is willful or wanton not to exercise ordinary care once a trespasser's presence is known or should be known. However, the cases Appellants cite for this proposition pertain to licensees, not trespassers. *See, e.g.*, *Harbin v. Ritch*, 876 S.E.2d 737, 739-40 (Ga. Ct. App. 2022); *Sterchi Bros. Stores, Inc. v. Podhouser*, 6 S.E.2d 92, 94-95 (Ga. Ct. App. 1939). And the railroad cases cited for this proposition involve individuals who were injured while using established pedestrian crossings—where "the general presence of trespassers habitually crossing at a particular spot is known to the railroad and has continued without the disapproval of the railroad." *Lawson v. S.R. Co.*, 366 S.E.2d 801, 803 (Ga. Ct. App. 1988). On appeal, Appellants point to no evidence that the section of railroad tracks where Jacob was injured was an established pedestrian crossing or an area where the general presence of trespassers was known. Appellants contend the spot is in the Atlanta metropolitan area, but that is not enough to support a finding of an implied easement or prior knowledge of pedestrians specifically where Jacob was struck. *See id.*

Additionally, the CSX operating rules do not change the willful and wanton standard under Georgia law. The operating rules cited by Jacob relate to the circumstances under which an employee should use the train horn as a warning. Those rules do not change the fact that Jacob was a trespasser on CSX's tracks and that CSX owed no duty of care "except to refrain from causing a willful or wanton injury." O.C.G.A. § 51-3-3.

Appellants contend Marshall and Martin should have commenced blowing the horns, ringing the bell, reducing the throttle to idle, and setting their brakes as soon a Jacob came into view, which was at least ten seconds prior to reaching Jacob. However, no reasonable jury could find that CSX acted with willful or wanton misconduct. The undisputed evidence shows that just before the accident, the train came around a curve, and Jacob was not in the train's line of sight until it was 695 feet away from him. Although the train's crew saw an object in the train's path after it rounded the curve, they did not recognize the object was a person for a few seconds. Once the crew recognized the object was a person, they sounded the train's horn. While Appellants argue Marshall and Martin did not react "immediately" and there was a delay before blowing the horn, the delay was a matter of seconds. Even assuming the seconds-long delay would allow for a finding of negligence, mere negligence is insufficient to show willful or wanton behavior. *See Pollard v. Todd*, 8 S.E.2d 566, 571 (Ga. Ct. App. 1940); *Pressley v. Atlanta & West Point RR Co.*, 172 S.E. 731, 733-34 (Ga. Ct. App. 1934). As the district court concluded, "[b]ecause Jacob was a trespasser when he was struck and was owed only a duty not to be

22-13298            Opinion of the Court            7

caused willful or wanton injury, a jury could not reasonably find in favor of [Appellants]."[2]

Georgia law does not make CSX liable for Jacob's injuries. The district court did not err in granting summary judgment in favor of CSX.

**AFFIRMED.**

---

[2] While Appellants contend the district court erroneously construed conflicting evidence in favor of CSX, and ignored contrary testimony, Appellants do not specify what conflicting evidence was construed in CSX's favor, or point to testimony the district court ignored. Despite Appellants' arguments that the district court chose to view the facts in a light unfavorable to Jacob by including that his parents divorced when he was "very young," that he was "stressed out," and that Jacob was "bored" on the "third day of his truancy," these facts are irrelevant and could also be viewed as the district court recounting that Jacob was a 17-year old with a sympathetic history.