74986. RESPRESS v. ELLISON.
(362 SE2d 468)

POPE, Judge.

Dud Respress died intestate. He was survived by one who claims to be his common-law wife but had no surviving children born in wedlock. Appellant, brother of the deceased, was appointed temporary administrator of the estate by the probate court. Appellee, Rosemary Howard Respress Ellison, appealed to the superior court, contending she was the deceased's daughter. After a bench trial the superior court found appellee to be entitled to inherit as a child and remanded the case to the probate court with instruction that appellee be appointed administratrix of the estate. Appellant argues there was insufficient evidence to find that Rosemary Howard Respress Ellison is entitled to inherit pursuant to the doctrine of virtual or equitable legitimation.

"[T]he doctrine of virtual or equitable legitimation will allow an illegitimate child to inherit from his intestate father's estate when the evidence is clear and convincing. . . ." *Prince v. Black*, 256 Ga. 79, 81 (344 SE2d 411) (1986). The evidence must show "that the child is the natural child of the father and that the father intended for the child

to share in his intestate estate, in the same manner that the child would have shared if he had been formally legitimated. . . ." Id. at 80.

The evidence showed the father visited appellee and her mother at the hospital at the time of her birth and assisted the mother with expenses incurred at birth. The evidence also showed the deceased took appellee into the home of his lawful wife and raised her as his own for at least part, if not all, of her childhood. The deceased and his lawful wife were listed as appellee's parents on her school records. The deceased hosted a reception in his home when appellee married. He allowed appellee, her husband and four children to live with him in his home until he died. Before his death, the deceased acknowledged appellee as his daughter in a legal proceeding concerning title to land. The clear and convincing evidence in this case supports the lower court's order.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 29, 1987.

*Bentley C. Adams III*, for appellant.
*Sampson M. Culpepper, Charles J. Liipfert*, for appellee.