A92A1537. YOUMANS et al. v. ORMANDY.
(424 SE2d 828)

SOGNIER, Chief Judge.

Julie Bennett Ormandy brought an action against Homer Allan Bennett, Jr. and Alexis Bennett Youmans, individually and as administratrix of the estate of Homer Allan Bennett, Sr., alleging she is the illegitimate natural child of Bennett, Sr. and seeking to share in inheriting his estate. The jury returned an agreed upon special verdict

form answering the questions posed in favor of Ormandy, and Youmans and Bennett appeal.

The right of illegitimate children to inherit from their natural fathers is controlled statutorily by OCGA § 53-4-4. At the time this case was tried, that statute prohibited such inheritance unless during the lifetime of the father and after the conception of the child a court of competent jurisdiction had entered an order declaring the child to be legitimate or establishing paternity, or unless the father had signed the child's birth certificate or executed a signed and sworn statement that he was the child's father. OCGA § 53-4-4 (c) (1). An additional exception created by the Supreme Court in *Prince v. Black*, 256 Ga. 79 (344 SE2d 411) (1986), provides that illegitimate children may also inherit from their fathers if they have been virtually legitimated although no court order of legitimation exists.[1] See *Simpson v. King*, 259 Ga. 420, 421 (2) (383 SE2d 120) (1989). It is undisputed that the only basis for appellee's claim upon her father's estate is that of virtual legitimation.

1. A finding of virtual legitimation requires clear and convincing evidence of both paternity and the father's intention that the child share in his intestate estate in the same manner as though legitimation had taken place. *Prince*, supra at 80. In two enumerations, appellants contend the trial court erred by denying their motions for a directed verdict and judgment n.o.v. because the evidence proffered by appellee was insufficient to meet the clear and convincing standard required on both these issues.

The evidence adduced at trial showed that the decedent and appellant Youmans were husband and wife, and that appellant Bennett, Jr. is their son and was born during the marriage. Members of the decedent's family testified that appellee had been born after her mother had ended an intimate relationship with the decedent, and that although immediately after appellee's birth the decedent had refused to acknowledge she was his child, he subsequently not only acknowledged her, but loved her and was proud of her. Appellee and Bennett, Jr. testified that although the decedent had never referred to them as sister and brother when speaking directly to them, they grew up believing they were siblings because virtually all members of the decedent's family told them they were and treated them as such. Appellee and her mother and the decedent's family testified that the decedent supported appellee both financially and emotionally and always celebrated her birthday and Christmas with gifts. The decedent's co-workers testified that he carried photographs of appellee

---

[1] OCGA § 53-4-4 (c) (1) was amended effective July 1, 1991 to add new subparagraph (E) incorporating the holding in *Prince v. Black*.

and her daughter on his person. Several witnesses testified that the decedent had expressed a desire that appellee live with him. Several times after the decedent and Youmans married, appellee stayed with them and enrolled in school, but appellee missed her mother and all those involved decided it would be better for appellee to remain with her mother. The decedent's mother testified that her son told her before he died that he had two children under different circumstances, but he loved them both. Only appellant Youmans testified that in conversations with her, the decedent had denied appellee was his child, and that she, and not the decedent, had initiated all gifts to appellee and visits with her, and that she had been prompted by kindness and by sympathy regarding appellee's situation, and not by the decedent's alleged fatherhood.

We find no merit in appellants' contention that this evidence demanded a verdict in their favor, for we do not find that as a matter of law it failed to meet the "clear and convincing" standard in appellee's favor. See *Respress v. Ellison*, 184 Ga. App. 674 (362 SE2d 468) (1987). We conclude, rather, that the evidence preponderated in appellee's favor, and whether it met the required standard was properly left for determination by the jury. Accordingly, the trial court did not err by denying appellants' motions. See generally *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377, 379 (1) (364 SE2d 62) (1987).

*In re R. L. Y.*, 181 Ga. App. 14 (351 SE2d 243) (1986), cited by appellants, is not applicable to the case at bar. *R. L. Y.* involved the termination of parental rights, which also requires a finding based on clear and convincing evidence. This court reversed the trial court's termination of parental rights where the trial court, as the factfinder in that proceeding, failed to include in its order a recital that it had applied the required "clear and convincing" evidentiary standard. *R. L. Y.* is distinguishable from the instant case both because our holding there was inextricably dependent upon the grave consequences of a proceeding to terminate parental rights, and also because in the case at bar the agreed upon verdict form required the jury to indicate whether it found both elements required for virtual legitimation "by clear and convincing evidence." The jury, in answering the questions on the special verdict form, indicated that it had.

2. Appellants also contend the trial court erred by denying their motion in limine to exclude hearsay evidence of statements made by the decedent. We do not agree.

Appellants' reliance upon OCGA § 24-3-2 and cases setting forth the conditions under which hearsay is admissible to explain conduct is misplaced. Georgia law has long provided that the two underlying reasons for any exception to the hearsay rule are a necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence. *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224

(173 SE2d 691) (1970). In cases involving statements made by a person now deceased, the necessity for the hearsay testimony is obvious. The issue in such cases, therefore, turns on the statement's trustworthiness, with self-serving statements generally being considered untrustworthy. Id. at 224-225. In *Swain v. C & S Bank of Albany*, 258 Ga. 547 (372 SE2d 423) (1988), the Supreme Court overruled *Irby v. Brooks*, 246 Ga. 794 (I) (273 SE2d 183) (1980), holding that in ascertaining the trustworthiness of a decedent's statement, the interest of the declarant in the statement at the time it was made is the crucial consideration, and not the interest of the propounding witness in the statement. The propounder's interest in having the statement admitted goes only to the propounder's credibility, and not to the admissibility of the statement as an exception to the hearsay rule.

Applying those principles to the case sub judice, we find that the decedent's statements that he was appellee's father were not self-serving, but rather were statements against his pecuniary interest. Moreover, the fact that more than one witness heard the decedent state that appellee was his daughter was a circumstance adding to the statements' trustworthiness. See *Turner v. Mikell*, 195 Ga. App. 766, 767 (1) (395 SE2d 20) (1990). Accordingly, the trial court did not err by finding the hearsay statements trustworthy as well as necessary and admitting them into evidence. Id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 30, 1992 —
RECONSIDERATION DENIED NOVEMBER 13, 1992

*Callaway, Neville & Brinson, William E. Callaway, Jr., William J. Neville, Jr.*, for appellants.
*Howard, Carswell & Bennett, Kenneth R. Carswell, R. Violet Bennett*, for appellee.

