S94A1540. IN RE ESTATE OF BURTON.
(453 SE2d 16)

HUNSTEIN, Justice.

Lyndell Burton died intestate in February 1993. Appellee Lenn Storey, claiming to be the decedent's out of wedlock son, applied for

and was granted letters of administration as the sole heir at law. Appellant Allen Burton, the decedent's brother, contested the claim. After a bench trial, the probate court ruled there was clear and convincing evidence that appellee was the decedent's child, OCGA § 53-4-4 (c) (1) (E), and upheld that subsection against a constitutional challenge by appellant.

OCGA § 53-4-4 (c) (1) (E), which incorporates the "virtual legitimation" exception recognized in *Prince v. Black,* 256 Ga. 79 (344 SE2d 411) (1986), see *Youmans v. Ormandy,* 206 Ga. App. 255, 256 (424 SE2d 828) (1992), provides that a child born out of wedlock can inherit from its father or paternal relatives by reason of the paternal kinship where

> [t]here is clear and convincing evidence that the child is the child of the father and that the father intended for the child to share in the father's intestate estate in the same manner in which the child would have shared if legitimate.

" 'Clear and convincing' is a more stringent standard than 'preponderating' and requires a greater quantum and a high quality of proof in plaintiff's favor. [Cit.]" *Barber v. Perdue,* 194 Ga. App. 287, 289 (390 SE2d 234) (1989). Accord *Clarke v. Cotton,* 263 Ga. 861, 862, n. 1 (440 SE2d 165) (1994).

Although generally whether the evidence met the required standard is a question left for determination by the trier of fact, *Youmans,* supra at 257, after carefully reviewing the evidence adduced in this case, we are constrained to conclude that appellee failed to carry his burden of proving with "clear and convincing evidence" that he is the decedent's child and that the decedent intended for him to share in his estate in the same manner in which appellee would have shared if legitimate. The evidence is uncontroverted that the decedent had no contact with appellee for the first 20 years of appellee's life and that it was appellee who initiated contact with the decedent in 1968. Although appellee and his family testified that the decedent acknowledged appellee as his son and never charged them for meals at the decedent's restaurant, appellant and other members of the decedent's family, including a niece who had visited the decedent on a twice-weekly basis, testified that the decedent never mentioned having a son. Although one witness for appellee, a long-time employee of the decedent, testified that the decedent introduced appellee as his son to her and never in her presence denied paternity, another long-time employee testified that the decedent would claim appellee as his son on one occasion only to vehemently disavow paternity on the next occasion; yet another employee testified that the decedent had stated

he was childless when interviewed by a local television station a few years before his death. All of the witnesses agreed that the decedent had repeatedly stated he did not care what happened to his property after his death.

The probate court erred by finding that this evidence met the "clear and convincing evidence" standard required by OCGA § 53-4-4 (c) (1) (E). Compare *Prince*, supra (decedent cared for child from age six months; named child as beneficiary of insurance policies; swore under penalty of perjury child was his son); *Youmans*, supra (child grew up treated as daughter by decedent and his family; stayed often with decedent; was supported financially and emotionally by decedent); *Respress v. Ellison*, 184 Ga. App. 674 (362 SE2d 468) (1987) (child was raised in part by decedent; was listed as his child in school records; decedent hosted marriage reception for child; child and her family lived with decedent until his death). Contrary to the probate court's ruling, "clear and convincing evidence" of paternity was not demonstrated in this case by the decedent's failure during his lifetime either to take legal steps to dispute the paternity claim or to execute a will so as to prevent appellee from sharing in his estate.

Because we reverse on evidentiary grounds, we need not address appellant's constitutional challenge to OCGA § 53-4-4 (c) (1) (E).

*Judgment reversed. All the Justices concur, except Hunt, C. J., and Sears, J., who dissent.*

CARLEY, Justice, concurring.

I completely agree with the majority that appellee did not produce "clear and convincing evidence" so as to authorize the probate court's determination that appellee can inherit pursuant to OCGA § 53-4-4 (c) (1) (E). However, I am not convinced that "clear and convincing" should be defined with reference to "a greater quantum" as asserted by the majority's citation with approval of *Barber v. Perdue*, 194 Ga. App. 287, 289 (390 SE2d 234) (1989). As recognized by the majority, this Court has suggested that

> "clear and convincing evidence" is an intermediate standard of proof, requiring a higher minimum level of proof than the preponderance of evidence standard, but less than that required for proof beyond a reasonable doubt. [Cits.]

*Clarke v. Cotton*, 263 Ga. 861, 862, n. 1 (440 SE2d 165) (1994). Thus the majority in *Clarke v. Cotton*, supra, defined clear and convincing by comparing it with preponderance of the evidence and beyond a reasonable doubt. If we need to be more specific, we should consider Judge K. Dawson Jackson's concurrence in *Clarke*, wherein he pro-

posed the following definition:

> CLEAR AND CONVINCING EVIDENCE: Evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence, but less than beyond a reasonable doubt.

*Clarke v. Cotton,* supra at 863.

HUNT, Chief Justice, dissenting.

I believe that the probate court, in resolving what are, concededly, conflicts in the evidence and applying the proper standard as to burden of proof, was authorized to conclude that there was clear and convincing evidence that Lenn Storey was the son of Lyndell Burton. Accordingly, I must respectfully dissent.

I am authorized to state that Justice Sears joins in this dissent.

DECIDED FEBRUARY 13, 1995 —
RECONSIDERATION DENIED MARCH 9, 1995.

*Joyce W. Bergman,* for appellant.
Lenn Storey, *pro se.*