A95A1602, A95A1603. VARNER v. SHARP; and vice versa.
(464 SE2d 388)

JOHNSON, Judge.

When Ralph Sharpe died intestate, his brother, Kenneth Sharp, applied for letters of administration claiming to be the sole heir. Several weeks later, Dorothy Varner also applied for letters of administration, claiming to be Ralph's child born out of wedlock and sole heir. Each party filed a caveat to the other's application. After a bench trial, the probate court judge found clear and convincing evidence that Dorothy was Ralph's daughter, but did not find clear and convincing evidence that Ralph intended her to inherit his estate to the exclusion of Kenneth. Basing its decision on OCGA § 53-4-4 (c) (1) (E), the court concluded that Dorothy could not inherit from Ralph's estate and dismissed her application for administration and her caveat to Kenneth's application. In Case No. A95A1602, Dorothy appeals. Kenneth appeals in Case No. A95A1603.

*Case No. A95A1602*

Dorothy argues that the probate court erred in requiring her to prove by clear and convincing evidence that the decedent intended for her to take his estate to the exclusion of everyone else. We agree with Dorothy that the trial court imposed upon her a heavier burden than that set forth in the statute and so reverse.

Before it was amended, OCGA § 53-4-4 provided that a child born out of wedlock could not inherit from his or her natural father unless there was a court order declaring the child to be legitimate or establishing paternity, or unless the father signed the child's birth certificate or executed a signed and sworn statement that he was the child's father. In 1986, the Supreme Court carved out another exception to the rule prohibiting children born of unwed parents from inheriting from their natural fathers. In *Prince v. Black*, 256 Ga. 79 (344 SE2d 411) (1986), the court held that the doctrine of virtual or equitable legitimation would allow an illegitimate child to inherit from his intestate father's estate when the evidence is clear and convincing that the child is the natural child of the father and that the father intended for the child to share in his estate in the same manner as he would have shared if he had been formally legitimated. Id. at 80-81.

In 1991, the legislature amended OCGA § 53-4-4 (c) (1) to add subparagraph (E) incorporating the holding in *Prince*. See *Youmans v. Ormandy*, 206 Ga. App. 255, 256 (424 SE2d 828) (1992). As amended, OCGA § 53-4-4 (c) (1) provides that "[a] child born out of wedlock may not inherit from or through his father or any paternal kin by reason of the paternal kinship unless, during the lifetime of the father and after the conception of the child: . . . (E) [t]here is clear and convincing evidence that the child is the child of the father and that the father intended for the child to share in the father's intestate estate in the same manner in which the child would have shared if legitimate."

It is clear that in deciding *Prince* and in amending the statute to incorporate that decision, the Supreme Court and the legislature intended to ensure that, under certain circumstances, a child born out of wedlock would be allowed to inherit from his or her natural father. The trial court's interpretation of OCGA § 53-4-4 (c) (1) (E), however, severely limits a child's ability to inherit under the statute. In essence, the trial court reads the statutory language "in the same manner in which the child would have shared if legitimate" as meaning "to the exact same extent to which the child would have shared if legitimate" or "in the exact same proportion in which the child would have shared if legitimate."

We cannot subscribe to such an interpretation. Such a construc-

tion assumes that a layman knows the rules of inheritance and also requires that he leave clear and convincing evidence that he intended for the child to share in the estate as provided in those rules. It is unreasonable for courts either to expect a father to know those rules or to require a child to prove that the father intended that he or she inherit according to those rules. We believe the phrase "in the same manner in which the child would have shared if legitimate" means nothing more than "as if she was legitimate." We note that *Prince*, upon which the statute is based, did not involve proportion or amount of share in the estate and there is no reason for us to believe that the court in *Prince* was attempting to address any such issue. Accordingly, we hold that a child is not required to prove by clear and convincing evidence that her natural father intended her to share in his estate as prescribed by the rules of descent and distribution, just that he intended that she take from his estate. If the child does prove that the decedent was her father and that he intended for her to inherit from his estate, the court must determine, based upon the rules of intestate succession (OCGA § 53-4-2 et seq.), the amount to which she is entitled. The burden of proving the amount to which she is entitled does not rest with the child. Therefore, we reverse and remand for a finding on the issue of whether Dorothy proved by clear and convincing evidence that Ralph intended that she inherit from his estate.

## Case No. A95A1603

In his cross-appeal, Kenneth contends that the probate court erred in concluding that Dorothy was Ralph's daughter when she failed to prove it by clear and convincing evidence. We disagree and affirm the finding of the trial court on this issue.

In this case, the evidence showed that Dorothy visited Ralph regularly as a child and stayed with his mother during the summer, that Ralph paid Dorothy's mother child support, asked Kenneth to stand in for him and present her at her debutante ball, paid for her to attend college, attended her wedding, acknowledged Dorothy's sons as his grandchildren, helped pay her son's tuition, introduced her to his friends as his daughter, and told his girl friend that he wanted her to meet his daughter, Dorothy. When Ralph died, Kenneth told hospital personnel that Ralph had a daughter, Dorothy, who would claim the body. Dorothy signed the authorization for the hospital to release the body to the funeral home, made funeral arrangements, and paid funeral expenses. Dorothy and Kenneth rode in the family car to the cemetery, and after Ralph was buried with military honors, the honor guard presented the flag to Dorothy. A rational trier of fact could have found by clear and convincing evidence that Dorothy was

Ralph's daughter. See *Youmans*, supra at 257 (1); compare *In re Estate of Burton*, 265 Ga. 122, 124 (453 SE2d 16) (1995).

*Judgment reversed and case remanded in Case No. A95A1602. Judgment affirmed in Case No. A95A1603. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 3, 1995 —
RECONSIDERATION DENIED NOVEMBER 21, 1995 —

*Kraus & Spears, John W. Spears, Jr., Ralph E. Merck*, for appellant.

*Garland B. Cook, Sr., Garland B. Cook, Jr.*, for appellee.