### A97A0143. SHARP v. VARNER.
(486 SE2d 701)

SMITH, Judge.

In a prior appearance of this case, in which the facts are more fully set forth, we construed OCGA § 53-4-4 (c) (1) (E)[1] and affirmed the probate court's decision that Dorothy Varner proved by clear and convincing evidence that she was Ralph Sharp's daughter. *Varner v. Sharp*, 219 Ga. App. 125, 127 (464 SE2d 388) (1995). We remanded that case to the probate court, however, for determination of whether

---

[1] OCGA § 53-4-4 (c) (1) (E) provides that a child born out of wedlock may inherit from the father's estate if "[t]here is clear and convincing evidence that the child is the child of the father and that the father intended for the child to share in the father's intestate estate in the same manner in which the child would have shared if legitimate."

Varner also proved by clear and convincing evidence that Ralph Sharp intended for her to inherit from his estate. Id. at 126-127. On remand, the probate court removed appellant, Sharp's brother, as administrator of the estate, concluding that Varner showed by clear and convincing evidence Sharp's intent that she inherit from his estate. The Court also concluded that Varner was Sharp's sole heir. We affirm.

1. We find meritless appellant's contention that the probate court failed to employ the clear and convincing standard of review as required by *Varner v. Sharp*, supra.

2. As for appellant's primary contention that Varner did not prove by clear and convincing evidence that Sharp intended that she take from his estate, it was for the trier of fact, not this Court, to weigh the evidence. See generally *Crotty v. Crotty*, 219 Ga. App. 408, 411-412 (3) (465 SE2d 517) (1995); *Arnold v. McKibbins*, 210 Ga. App. 262, 264 (2) (435 SE2d 685) (1993).

Conflicting evidence of Sharp's intent concerning distribution of his estate was presented. Also, Varner testified that she had no knowledge regarding how Sharp intended his estate to be distributed because there was no will. This evidence notwithstanding, other evidence was presented that Sharp intended that *both* appellant and Varner be provided for financially after his death. Although no will was located after his death, one witness testified that Sharp had stated several times that he had a will making provisions for appellant and Varner. Another witness, Sharp's friend of several years, testified that Sharp loved appellant and Varner "dearly" and had told her that "if something ever happened to him," both would "be all right." When asked by appellant's counsel to explain the meaning of Sharp's statement that his brother and daughter would "be all right," this witness replied, "It meant to me that they [were] going to be taken care of financially because I knew he had a lot of money."

We agree with Varner that the probate court was authorized under the evidence presented to find clear and convincing proof of Sharp's intent that Varner inherit from the estate. The testimony that Sharp loved both Varner and appellant and desired that both receive financial support upon his death reveals that intent. And contrary to appellant's argument, the probate court was entitled to disregard the testimony of those witnesses claiming not to know of the relationship between Varner and Sharp. As noted above, it is solely for the trier of fact, here the probate court, to assess witness credibility. See, e.g., *Crotty*, supra, 219 Ga. App. at 412.

We note appellant's argument that the evidence presented supported two different conclusions. He correctly points out that Varner's name appeared on one of Ralph Sharp's bank accounts. He maintains that the witness's testimony concerning Sharp's intentions

toward both Varner and appellant could mean that he intended Varner to inherit but "could also mean that [he] intended to take care of . . . [Varner] by providing her money from the one joint account with her name on it." According to appellant, this testimony cannot constitute clear and convincing evidence because it supports at least two different conclusions. This argument is unconvincing. The clear and convincing standard is not defined as a standard eliminating all possible conclusions except one. " '[C]lear and convincing evidence' is an intermediate standard of proof, greater than 'the preponderance of evidence,' but less than the 'beyond a reasonable doubt' standard applicable in criminal cases." *Clarke v. Cotton*, 263 Ga. 861 (440 SE2d 165) (1994). See also *In the Interest of T. B. R.*, 224 Ga. App. 470, 472 (480 SE2d 901) (1997).

Appellant's argument also ignores the fact that his name, but not Varner's, appeared on three other bank accounts held by Sharp and that he was listed as the primary beneficiary on Sharp's three life insurance policies. This evidence authorized the probate court to conclude that Sharp intended to provide for both appellant and Varner — Varner via the estate and appellant via those accounts and policies held by him[2] that were not part of the estate. See generally OCGA § 7-1-813 (a); *Godwin v. Johnson*, 197 Ga. App. 829, 830 (1) (399 SE2d 581) (1990) (sums remaining on deposit at death of party to joint account belong to surviving party, not estate of decedent, unless there is clear and convincing evidence of different intent when account is created); *King v. Travelers Ins. Co.*, 202 Ga. App. 568, 569 (415 SE2d 176) (1992) (life insurance proceeds vest in named beneficiary and are not part of estate).

Finally, we note that *In re Estate of Burton*, 265 Ga. 122 (453 SE2d 16) (1995), relied upon by appellant, does not require a different result. Appellant is correct that the standard of proof applicable in that case also applies to the issue here. According to OCGA § 53-4-4 (c) (1) (E), both the fact "that the child is the child of the father" and the fact "that the father intended for the child to share in the father's intestate estate" must be proved by "clear and convincing evidence." The Supreme Court acknowledged this in *Burton*, supra at 123, even though that case decided only the evidentiary issue with respect to the first requisite fact.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

---

[2] Appellant also fails to mention that he was successful in having Varner's name removed from a joint bank account following Sharp's death.

DECIDED MAY 15, 1997 —
RECONSIDERATION DENIED MAY 29, 1997 — Before Judge
Guess.

*Garland B. Cook, Garland B. Cook, Jr.*, for appellant.
*Lynch, Spears & Shuman, John W. Spears, Jr., Kraus & Merck,
Ralph E. Merck*, for appellee.