A05A1719. BENEFIELD v. MARTIN et al.
(622 SE2d 469)

Ellington, Judge.

A Hall County Superior Court judge dismissed Virginia Benefield's complaint against E. B. Martin and J. C. Martin finding that the claims belonged in probate court. We find no error and affirm.

According to the complaint, Benefield's father died in 1972 and her mother died in 1987. Benefield's brother, J. C. Martin, was appointed executor of their father's will, and her brother, E. B. Martin, was appointed executor of their mother's will. In 1999, J. C. Martin was substituted as executor for the mother's will.

Benefield claimed that she was entitled to one fifth of her father's estate, but that J. C. Martin failed to distribute the estate's assets and failed to comply with any of his duties as executor of the estate, thereby depriving Benefield of her share of the estate. Benefield also contended that she was entitled to one quarter of her mother's estate, but that E. B. Martin failed to distribute the estate's assets. Furthermore, Benefield maintains that after J. C. Martin was substituted as executor, he also failed to distribute the estate's assets, thereby depriving Benefield of her inheritance. As a result of J. C. Martin's and E. B. Martin's alleged breaches of fiduciary duty, Benefield asserted claims for damages and other relief, including damages for fraud, breach of contract, and negligence, and prayers for an equitable accounting, equitable administration, appointment of a receiver, and an order requiring defendants to specifically perform their duties, among other things.

Benefield claims that the trial court erred by granting E. B. Martin's motion to dismiss Benefield's complaint for lack of subject matter jurisdiction. "Our review of the grant of a motion to dismiss is de novo." (Citation and punctuation omitted.) *Lewis v. Ga. Dept. of Human Resources*, 255 Ga. App. 805, 806 (567 SE2d 65) (2002).

The probate courts have "original, exclusive, and general jurisdiction" over the probate of wills and "[a]ll other matters and things as appertain or relate to estates of deceased persons." OCGA § 15-9-30 (a) (1), (10). See 1983 Ga. Const., Art. VI, Sec. III, Par. I. "[W]ith respect to areas in which the probate court has been given exclusive,

original subject matter jurisdiction, its authority is broad." *Heath v. Sims*, 242 Ga. App. 691, 693 (1) (531 SE2d 115) (2000). Each of Benefield's claims is expressly based on the allegation that her brothers "have failed to abide by their fiduciary duties" to her as executors of their mother's and father's estates. Accordingly, Benefield's claims are within the jurisdiction of the probate court. See *Traub v. Washington*, 264 Ga. App. 541, 546-547 (7) (591 SE2d 382) (2003) (probate court has jurisdiction over a claim that an executor has breached a fiduciary duty); *Heath v. Sims*, 242 Ga. App. at 693 (1) (affirming dismissal of a complaint filed in superior court seeking damages for breach of fiduciary duty by executors).

Benefield argues that the superior court, as a court of equity, has jurisdiction over her fraud claims, and that the superior court also has concurrent jurisdiction with the probate court over her claims for an accounting of the estate. She further contends that the superior court should be allowed to retain jurisdiction of the entire case. See OCGA § 23-1-5 ("[w]here law and equity have concurrent jurisdiction, whichever first takes jurisdiction shall retain it"); *King v. King*, 225 Ga. 142, 144-145 (4) (166 SE2d 347) (1969) (inasmuch as complete and adequate relief could only be had through a court of equity, all of plaintiff's claims, including matters relating to administration of the estate, could be litigated in superior court). We disagree with Benefield's argument. Although

> OCGA § [53-7-60] grants superior courts concurrent jurisdiction with probate courts regarding the settlement of accounts of administrators or executors[,] . . . superior courts are reluctant to interfere in the administration of estates[.] [T]hey may do so where there is a danger of loss or other injury to a party's interest, or where equitable interference is necessary for the full protection of the rights of the parties in interest.

(Citations omitted.) *Lee v. Lee*, 260 Ga. 356 (1) (392 SE2d 870) (1990). See OCGA § 23-2-91. In addition, a superior court, as a court of equity, "can only exercise its concurrent jurisdiction over the administration of estates when complete and adequate remedies at law are unavailable." *Powell v. Thorsen*, 248 Ga. 697, 698-699 (285 SE2d 699) (1982).

In this case, Benefield does not show that her remedies at law are inadequate. Benefield's complaint alleges that she has been injured by her brothers' waste of the estates' assets and by their refusal to distribute the estates, but she does not specify a danger to her interests that would require intervention by a court of equity. See, e.g., *Turner v. Turner*, 210 Ga. 586, 588 (82 SE2d 137) (1954) (since plaintiff could obtain all requested relief in court of ordinary, trial

court erred in failing to grant demurrer to petition for equitable relief). Benefield also contends that her fraud claims entitle her case to be heard in the superior court, but she only seeks the remedy of damages for the fraud, and she does not require a court of equity to recover damages. See, e.g., *Teague v. First Bank &c. Co.*, 244 Ga. 360, 361 (260 SE2d 72) (1979) (court without equitable jurisdiction may award damages for fraud). Compare *King v. King*, supra, 225 Ga. at 143 (2) (complaint to set aside allegedly fraudulent sale by executor properly made in court of equity). Similarly, she was not entitled to an equitable accounting if an accounting at law was sufficient. See *Herring v. Standard Guaranty Ins. Co.*, 238 Ga. 261, 262 (232 SE2d 544) (1977) (equitable accounting is granted only in carefully prescribed and determined circumstances, such as when an accounting at law is inadequate).

The probate court can order an accounting, remove executors or require they post additional security, or "[i]ssue such other order as in the [probate] court's judgment is appropriate under the circumstances of the case," giving the probate court adequate means to remedy the executors' alleged breaches of fiduciary duty in this case. OCGA § 53-7-55 (4). See *Fowler v. Cox*, 264 Ga. App. 880, 883 (592 SE2d 510) (2003) (discussing causes of action and remedies for breach of executor's fiduciary duty); *Heath v. Sims*, 242 Ga. App. at 693 (2) (plaintiff had adequate legal remedies in probate court and was not entitled to equitable relief); *Nesmith v. Pierce*, 226 Ga. App. 851, 852 (1) (487 SE2d 687) (1997) (noting probate court's broad discretionary powers under former OCGA § 53-7-148[1]). We conclude that the probate court has jurisdiction of Benefield's claims and that the superior court had no basis for exercising its concurrent jurisdiction. Therefore, the trial court did not err in dismissing Benefield's case.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED OCTOBER 27, 2005.

*Carter & Kennedy, Jerry C. Carter, Jr.*, for appellant.
*Carey, Jarrad & Walker, Joel K. Tharpe, Ryan M. Reid, Webb, Tanner & Powell, Melody A. Glouton*, for appellees.

---

[1] The provisions of OCGA § 53-7-148 are carried forward by OCGA § 53-7-55.