### A08A0534. BABB v. BABB et al.

(666 SE2d 396)

RUFFIN, Presiding Judge.

David A. Babb, proceeding pro se, appeals the trial court's dismissal of an action brought by him seeking to invalidate his late father's last will and testament and to terminate a trust and partnership agreement created in conjunction with the will. On appeal, Babb argues that the trial court erred in: dismissing the action for lack of subject matter jurisdiction; finding that the action raised the same issues that Babb had previously brought in probate court; giving preclusive effect to the probate court judgment, which he claims is "void on its face"; and failing to appoint counsel for him. For reasons that follow, we affirm.

1. The dismissal of an action for lack of subject matter jurisdiction is a question of law that we review de novo.[1] The record reflects that in December 1998, Billy Ray Babb (hereinafter, the "decedent"), Babb's father, executed his last will and testament (the "will") and documents establishing the Billy Ray Babb Revocable Family Trust (the "trust") and the Billy Ray Babb LLLP (the "partnership"). Kevin A. Babb and Rae Chelle Bennett, Babb's siblings, are the co-executors of the will and co-trustees of the trust. After the decedent's death, the executors filed a petition for discharge in the Probate Court of DeKalb County. Babb objected and filed a counterclaim, seeking, among other relief, to invalidate the December 1998 will, trust, and partnership, claiming that they had been procured by fraud and undue influence and that the decedent lacked testamentary capacity. The probate court eventually dismissed Babb's claims with prejudice because of his failure to comply with discovery.

Babb then filed the present action in the Superior Court of DeKalb County, seeking: (1) to have the will, trust, and partnership "declared void, illegal, improper[,] and against public policy" because they were obtained by fraud and undue influence, because the

---

[1] See *Laughlin v. City of Atlanta*, 265 Ga. App. 61, 62-63 (592 SE2d 874) (2004).

decedent lacked the mental and legal capacity to create a trust or transfer property, and because the intent of the trust was to frustrate Babb from realizing his expected inheritance; or, alternatively (2) to have the trust and partnership terminated, and his portion of the proceeds disbursed to him, because their legal purposes under the will had been fulfilled. The superior court dismissed the action for lack of subject matter jurisdiction.

OCGA § 15-9-30 gives Georgia's probate courts original, exclusive, and general jurisdiction over the probate of wills, controversies over executorship, the sale and distribution of estate property, and "[a]ll other matters and things as appertain or relate to estates of deceased persons."[2] A superior court has concurrent jurisdiction over the administration of estates only "when complete and adequate remedies at law are unavailable."[3] Where, as here, the probate court had adequate means to remedy Babb's claims, the superior court did not err in dismissing his case for lack of subject matter jurisdiction.[4]

2. The superior court also held, as a separate basis for its ruling, that Babb's complaint should be dismissed on the grounds of res judicata or estoppel by judgment, because the probate court's dismissal with prejudice of Babb's claims served as an adjudication on the merits. In his second enumeration of error, Babb objects to this holding, contending that the superior court erred in finding "that the counterclaim [in probate court] and the petition [in superior court] raised the same claims and issues." Because of our holding in Division 1, we need not reach this issue.

3. In his third enumeration of error, Babb argues that the probate court's judgment can have no preclusive effect on the superior court, because "it was obtained by fraud and is void on its face." Because of our holding in Division 1, also, we need not reach this issue. Moreover, "[t]he Supreme Court of Georgia has expressly limited judgments void on their faces to those judgments which lack either personal or subject matter jurisdiction."[5] Babb does not assert that the probate court lacked personal or subject matter jurisdiction. Any other challenge to a judgment, including a challenge for fraud, must be made in the court of rendition.[6] Accordingly, Babb could not

---

[2] See OCGA § 15-9-30 (a) (1), (3), (4), (10).

[3] (Punctuation omitted.) *Benefield v. Martin*, 276 Ga. App. 130, 131 (622 SE2d 469) (2005).

[4] See id. at 132; *Morgan v. Morgan*, 256 Ga. 250, 251 (2) (347 SE2d 595) (1986).

[5] (Punctuation omitted.) *Moore v. Mack*, 266 Ga. App. 847, 852 (1) (d) (598 SE2d 525) (2004).

[6] See id.

challenge the validity of the probate court judgment in the superior court.

4. Babb asserts that the trial court erred in failing to either appoint counsel to protect his interests or, in the alternative, to release funds from the trust so he could retain counsel, citing OCGA § 53-5-25. That Code section, however, provides for the appointment of a guardian ad litem to represent "individuals who are not sui juris, or [who] are unborn beneficiaries, heirs, or persons unknown" when there is a settlement agreement entered into that is contrary to the terms of a will.[7] As this case involves neither a settlement agreement nor the category of persons sought to be protected by the statute, we find no error.

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 25, 2008 —
RECONSIDERATION DISMISSED JULY 31, 2008 —

David A. Babb, *pro se.*
*Gaslowitz & Frankel, Craig M. Frankel*, for appellees.

---

[7] OCGA § 53-5-25 (c); see *Freeman v. Covington*, 282 Ga. App. 113, 116 (637 SE2d 815) (2006).