A10A0636. CUNNINGHAM v. ESTATE OF CUNNINGHAM.
(697 SE2d 280)

PHIPPS, Presiding Judge.

William J. Cunningham died intestate in Baker County in 2008. His daughter filed in the Baker County Probate Court a petition for letters of administration in connection with his estate.[1] In response, his sister, Mary Cunningham (hereinafter, Cunningham), filed in probate court a "Caveat and/or Objection to Application." Therein, Cunningham stated a claim that, prior to her brother's death, he had conveyed to her ownership of his mobile home. Separately, Cunningham filed in probate court a claim to recover from the estate the value of services she allegedly had rendered to her brother before his death. The probate court issued letters of administration to the daughter and transferred both of Cunningham's claims — the claim regarding the mobile home and the claim regarding services — to the Baker County Superior Court.[2]

The estate then moved to dismiss Cunningham's claims, arguing

---

[1] See OCGA § 53-6-21.

[2] At some point after its transfer to superior court, the case was restyled to list the estate,

that they were premature and that the superior court lacked personal jurisdiction over the administratrix. The superior court granted the estate's motion on the ground that the issues of Cunningham's ownership in the mobile home and entitlement to compensation for services were not issues "properly before the Probate Court in a Petition for Letters of Administration and said matter should not have been transferred from Probate Court to Superior Court."

Cunningham argues on appeal that the superior court erred in granting the motion to dismiss.[3] We review this decision de novo.[4] Finding that the superior court erred in dismissing the claims, for the reasons set forth herein, we reverse the judgment in part, vacate the judgment in part, and remand the case to the superior court with direction.

1. *The Mobile Home Claim.* In her objection to the petition for letters of administration, Cunningham alleged the following: that the mobile home had been her brother's personal property;[5] that she and her brother had entered into an oral contract under which he agreed to give her the mobile home in exchange for her moving to Georgia, residing with him in the mobile home, and providing care for him; that she had fulfilled her obligations under their contract; that her brother gave her the mobile home during his lifetime; that she made improvements to the mobile home prior to his death; and that she continued to reside there.

The allegations raised in Cunningham's objection presented a claim of title to the mobile home. But "probate courts do not have jurisdiction to adjudicate conflicting claims of title to real or personal property."[6] When Cunningham raised her claim of title through an objection to a petition for letters of administration filed with the

---

rather than the administratrix, as the defendant. An estate is not a legal entity capable of being sued. See *Yarbrough v. Estate of Yarbrough*, 173 Ga. App. 386, n. 1 (326 SE2d 517) (1985).

[3] In addition to arguing that the superior court had no basis to dismiss the claims, Cunningham also contends that the court erred in dismissing the claims without providing her a hearing, considering certain of her filings, or making written findings of fact and conclusions of law, and that it erred in dismissing her claims on arguments not raised in the estate's motion.

[4] *Lee v. Owenby & Assoc.*, 279 Ga. App. 446, 447 (1) (631 SE2d 478) (2006).

[5] "Except for mobile homes permanently attached to realty, mobile homes are personal property, not real property." *Johnston v. Johnston*, 281 Ga. 666, 668 (641 SE2d 538) (2007) (citation and punctuation omitted). The pleadings and other documents of record are inconsistent in referring to the mobile home as real property versus personal property. The superior court did not address this issue in its order.

[6] *In re Estate of Adamson*, 215 Ga. App. 613 (1) (451 SE2d 501) (1994) (citations omitted); see *McClure v. Mason*, 228 Ga. App. 797, 798 (1) (493 SE2d 16) (1997) (probate court could award widow only the property belonging to husband's estate, in response to application for year's support from estate; probate court lacked jurisdiction to determine whether property was vested in estate or in other parties).

probate court, that court properly transferred the claim to superior court,[7] and the superior court erred in dismissing this claim on the ground that it had been improperly transferred.

The estate nevertheless contends that the dismissal of Cunningham's claim regarding the mobile home was proper, arguing that the superior court lacked personal jurisdiction to adjudicate that claim because the estate's administratrix (the proper defendant in the action[8]) was not a Georgia resident. The Supreme Court of Georgia has held, however, that a nonresident estate administrator is subject to jurisdiction, in his or her representative capacity, in the county in which the estate is under administration.[9] Moreover, by acting to administer the estate in Baker County, Georgia, the administratrix transacted business in the state such that the superior court of that county was authorized to exercise personal jurisdiction over her under this state's Long Arm Statute.[10] We find inapposite *Long v. Stanford*,[11] which the estate cites for the proposition that the superior court lacked personal jurisdiction over the administratrix. *Long* concerned venue, and held that Georgia's constitutional venue provision required a suit against an administrator in his representative capacity to be brought in the Georgia county in which the administrator resided.[12] That provision has no application to a suit against a nonresident of this state, such as the administratrix here, because in such case there is no Georgia county in which the nonresident resides. Instead, this state's Long Arm Statute provides that venue over a nonresident defendant shall lie in any county wherein a substantial part of the business was transacted.[13] Accord-

---

[7] See *SunTrust Bank v. Peterson*, 263 Ga. App. 378, 380-381 (1) (587 SE2d 849) (2003) (when claim raised by caveat falls outside probate court's jurisdiction, proper action for probate court is to transfer claim to appropriate court in state having jurisdiction and venue). See generally Uniform Probate Court Rule 16.1 (providing for probate court lacking subject matter jurisdiction over action or proceeding to transfer action or proceeding to court in which jurisdiction would lie).

[8] See *Estate of Norton v. Hinds*, 182 Ga. App. 35, 35 (354 SE2d 663) (1987); see also footnote 2, supra.

[9] *Moore v. Moore*, 255 Ga. 308, 309 (2) (336 SE2d 804) (1985).

[10] OCGA § 9-10-91 (1). See generally *Innovative Clinical &c. Svcs. v. First Nat. Bank of Ames*, 279 Ga. 672, 675-676 (620 SE2d 352) (2005) (OCGA § 9-10-91 (1) grants Georgia courts authority to exercise personal jurisdiction over any nonresident who transacts any business in the state, subject only to constitutional due process limitations); *Beasley v. Beasley*, 260 Ga. 419, 421 (396 SE2d 222) (1990) (evaluation of whether subjecting nonresident defendant to jurisdiction in foreign state satisfied due process requirements involves examination of whether defendant acted to avail himself of the law of the foreign state, whether the claim related to those acts, and whether the exercise of jurisdiction violated notions of fair play and substantial justice).

[11] 135 Ga. 823 (70 SE 645) (1911).

[12] Id. at 824; see Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.

[13] See OCGA § 9-10-93.

ingly, we find no merit in the estate's contention that the superior court lacked the authority to adjudicate Cunningham's claim of ownership in the mobile home.

The estate also argues that the superior court properly dismissed that claim because Cunningham brought it prematurely under OCGA § 53-7-42, which provides in pertinent part:

> The personal representative shall not be required to pay the debts of the estate, wholly or in part, until six months from the date of qualification of the first personal representative to serve. . . . No action to recover a debt due by the decedent shall be commenced against the personal representative until the expiration of six months from the date of qualification of the first personal representative to serve.[14]

Cunningham's claim that she owned the mobile home, however, was not an action to recover a debt of the estate; rather, it asserted that certain property was *not* part of the estate subject to administration. Contrary to the estate's argument, Cunningham was not required under OCGA § 53-7-42 to wait six months before asserting this claim.[15]

Accordingly, we find that the court erred in dismissing Cunningham's claim of ownership in the mobile home, and we reverse that part of the superior court's order.

2. *The Claim for Compensation for Personal Services During the Decedent's Illness.* Cunningham also filed in probate court a claim against the estate in which she alleged that the estate owed her payment for "services rendered to the deceased during his lifetime for his medical illness." OCGA § 53-7-40 provides that "all property of the estate . . . shall be liable for the payment of claims against the estate," including "[r]easonable expenses of the decedent's last illness."[16] Because this claim concerned the distribution of the estate assets pursuant to the administration of the estate, it fell within the subject matter jurisdiction of the probate court and should not have

---

[14] OCGA § 53-7-42 (a), (b). The definition of "personal representative" includes the administrator of an intestate estate. OCGA § 53-1-2 (1), (12).

[15] See generally *Liberty Nat. Bank &c. Co. v. Diamond*, 227 Ga. 200, 202 (1) (a) (179 SE2d 761) (1971) (action against administrators of estate for specific performance of alleged contract by decedent to convey certain estate property to claimant did not fall within statutory provisions exempting administrators from suits to recover on debts by decedent for period following qualification of administrators); *Redford v. Lloyd*, 147 Ga. 145 (93 SE 296) (1917) (same); *Chapman v. Commercial Nat. Bank*, 86 Ga. App. 178, 180 (71 SE2d 109) (1952) (creditor to whom decedent transferred title to personal property before death, by way of a bill of sale of personalty to secure a debt, was not required to wait for expiration of statutory period following qualification of estate's administrator before selling property).

[16] OCGA § 53-7-40 (4).

been transferred to the superior court.[17] And there has been no assertion that the administration of the estate within the probate court would provide an incomplete or inadequate remedy at law regarding this claim, so as to allow the superior court to exercise jurisdiction over it.[18] "Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."[19] Although the superior court correctly determined that the probate court should not have transferred this claim to it, the court erred in dismissing the claim rather than transferring it back to the probate court.[20]

We find no merit in the estate's argument that we nevertheless should affirm the superior court's dismissal of this claim because Cunningham did not wait six months following the administratrix's appointment before bringing it, as set forth in OCGA § 53-7-42 (b). As discussed above, jurisdiction over the distribution of the estate's assets under OCGA § 53-7-42 lies with the probate court. It is for that court to determine whether a claim brought prematurely under that Code section may be considered in the administration of the estate once the six-month period has expired.

Accordingly, we vacate that part of the superior court's order dismissing Cunningham's claim seeking payment for services rendered to the decedent, and remand the case to the superior court with direction that the superior court transfer that claim to the probate court.

3. In light of our holdings, we need not reach Cunningham's remaining enumerated errors.[21]

*Judgment reversed in part and vacated in part, and case remanded with direction. Miller, C. J., and Johnson, J., concur.*

DECIDED JUNE 25, 2010.

*Maurice L. King, Jr.,* for appellant.

---

[17] OCGA § 15-9-30 (a) (4); see Uniform Probate Court Rule 16.1 (providing for transfer of cases over which probate court *lacked* jurisdiction); see also *Benefield v. Martin*, 276 Ga. App. 130, 131 (622 SE2d 469) (2005) (superior court can exercise concurrent jurisdiction over administration of estates only when complete and adequate remedies at law are unavailable).

[18] See *Benefield*, supra.

[19] Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII.

[20] See *McDonald v. MARTA*, 251 Ga. App. 230, 231-232 (554 SE2d 226) (2001) (where the Georgia Constitution required the trial court to transfer an action to another court in the state, the court erred in dismissing the action instead).

[21] See footnote 3, supra.

*Hall & Williamson, Michael C. Hall*, for appellee.