**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 22, 2019**

# In the Court of Appeals of Georgia

A19A0178. DODD v. DODD.

RICKMAN, Judge.

George Dodd filed a complaint against Gary U. Dodd ("the administrator"), as administrator of the estate of Titus Dodd, in the Superior Court of DeKalb County seeking payment of funeral expenses from the estate. The superior court dismissed the action for lack of subject matter jurisdiction. On appeal, Dodd contends that the superior court erred by dismissing his case. For the following reasons, we vacate the judgment and remand the case to the superior court for proceedings consistent with this opinion.

Our review of the dismissal of a case is de novo. See *Benefield v. Martin*, 276 Ga. App. 130 (622 SE2d 469) (2005). The record shows that following the death of his brother ("the decedent"), Dodd paid $7,335.00 in funeral expenses.

Approximately three years after the decedent's death, Dodd filed a complaint in superior court against the administrator of the estate claiming that the estate was liable for the payment of the funeral expenses pursuant to OCGA § 53-7-40.

Almost nine years after the complaint was filed, a jury trial was held. During the trial, the administrator testified that the estate case was still pending in Cobb County. After the close of the evidence, the superior court questioned whether it had jurisdiction because the case involved a claim against the estate. Following arguments from both parties, the superior court held that it did not have jurisdiction of this case, that it should have been filed in Cobb County and litigated before the probate court judge; the court therefore dismissed the case.

Dodd contends that the superior court erred by dismissing the case for lack of jurisdiction. Alternatively, Dodd argues that if jurisdiction properly lies with the probate court, the case should not have been dismissed, it should have been transferred to the probate court.

The probate courts have "original, exclusive, and general jurisdiction of . . . [a]ll other matters and things as appertain or relate to estates of deceased persons." OCGA § 15-9-30 (a) (11). "With respect to areas in which the probate court has been given exclusive, original subject matter jurisdiction, its authority is broad." (Citation

and punctuation omitted.) *Benefield*, 276 Ga. App. at 130-131. OCGA § 53-7-40 governs the priority of the claims against an estate:

> Unless otherwise provided by law, all property of the estate, both real and personal, shall be liable for the payment of claims against the estate in the following order: (1) Year's support for the family; (2) *Funeral expenses, whether or not the decedent leaves a surviving spouse, in an amount which corresponds with the circumstances of the decedent in life. If the estate is solvent, the personal representative is authorized to provide a suitable protection for the grave*; (3) Other necessary expenses of administration; (4) Reasonable expenses of the decedent's last illness; (5) Unpaid taxes or other debts due the state or the United States; (6) Judgments, secured interests, and other liens created during the lifetime of the decedent, to be paid according to their priority of lien. Secured interests and other liens on specific property shall be preferred only to the extent of such property; and (7) All other claims.

(Emphasis supplied).

Because this claim against the estate concerned the payment of funeral expenses, it fell within the subject matter jurisdiction of the probate court. See *Cunningham v. Estate of Cunningham*, 304 Ga. App. 608, 611-612 (2) (697 SE2d 280) (2010) (holding that the probate court had jurisdiction pursuant to OCGA § 53-7-40 for reasonable expenses of the decedent's last illness). "[A] superior court, as a court of equity, can only exercise its concurrent jurisdiction over the administration

3

of estates when complete and adequate remedies at law are unavailable." (Citation and punctuation omitted.) *Benfield*, 276 Ga. App. at 131. Here, Dodd does not show how his remedies at law are unavailable. Dodd claims that starting the case over in the probate court would damage his interest, but he does not show why litigating the case in probate court would not provide a complete and adequate remedy. See Id.

Accordingly, the superior court correctly determined that it lacked jurisdiction to hear this case. See *Cunningham*, 304 Ga. App. at 612 (2). However, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." (Citation omitted.) Id. The superior court erred by dismissing the case instead of transferring it to the probate court of Cobb County. We vacate the superior court's order and remand the case to the superior court with the direction that the superior court transfer the case to the probate court of Cobb County. See Id.

*Judgment vacated; case remanded. Miller, P. J., and Reese, J., concur.*